UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                                    )
                                                          )
HOFMEISTER'S PERSONAL JEWELERS, INC.,                     )   Case No. 11-04451-BHL-11
                                                          )
           Debtor                                         )

**FIRST DAY MOTION OF DEBTOR
FOR AUTHORIZATION TO USE CASH COLLATERAL,
AND TO SCHEDULE A FINAL HEARING PURSUANT TO
<u>BANKRUPTCY RULE 4001</u>**

Hofmeister's Personal Jewelers, Inc., ("Debtor"), by counsel, respectfully represents the following to the Court:

1. On the date hereof, Debtor was the Debtor in Possession in the captioned Bankruptcy proceeding, which was commenced by the filing of a Voluntary Petition under Chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), on April 13, 2011, which generated the related Order for Relief herein, (the "Commencement Date"). Debtor continues to operate its business pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Debtor is engaged in the business of owning and operating a jewelry store in Marion County, Indiana. Debtor reported gross income in excess of $5,243,000.00 in 2010.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding pursuant to 28 USC §§ 157 (b). Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

**<u>Relief Requested</u>**

4. By this Motion, Debtor requests authorization to obtain post petition use of cash collateral pursuant to §§105, 361, 363 and 507 of the Bankruptcy Code; to grant adequate protection, pursuant to such sections for the continued use of a pre-petition lending arrangement provided by PNC Bank ("PNC"). The

essential terms and provisions of the lending arrangement are contained in the parties' pre-petition agreements of various dates which grant a security interest in all of Debtor's assets, including accounts receivable and inventory, to secure a current debt of approximately $2,495,000.00; and scheduling of a final hearing pursuant to Bankruptcy Rule 4001.

### Pre-Petition Financing of the Debtor's Operations

5.      Prior to the Commencement Date, the Debtor used its accounts receivable and inventory to operate its business.

### Post-Petition Financing of the Debtor's Reorganization

6.      Debtor has determined that it can reorganize its business operations and that it is in the best interest of all of its creditors to do so. Debtor urgently needs working capital to continue such business operations, and is unable to obtain post-petition financing from any source other than the accounts receivable and inventory upon which PNC Bank has a lien. Debtor's inability to obtain and maintain sufficient operating liquidity to meet its post-petition obligations on a timely basis may result in a permanent and irreplaceable loss of value in its assets and a resultant diminution in the value of the Debtor to the detriment of its creditors. This financing is essentially the use of accounts receivable created by Debtor's pre-petition services, its inventory, and the use of its operating accounts, and does not require PNC Bank to advance new sums to the Debtor post-petition.

7.      The Debtor believes that there are no provisions of the proposed use of cash collateral that violate the dictates of SD Ind B-4001 (c), (1) through (9) that require disclosure. Debtor has been unable to confer with the United States Trustee or counsel for PNC Bank prior to filing this Motion.

8.      Debtor requests authority to grant a security interest in post-petition receivables to PNC Bank to compensate for its use of bank accounts and the collection of pre-petition receivables, to purchase replacement inventory for any sales in an amount equal to the cost of the inventory sold, while continuing to make its regular interest payment to PNC Bank per the terms of its pre-petition loan documents.

9.      Notice of this Motion has been provided to the US Trustee, to the proposed Lender, and to the parties on the initial Service List herein. Upon notice to all parties in interest, Debtor requests that the

Court set a hearing for consideration of final implementation of the use of cash collateral, (the "Final Hearing").

WHEREFORE, the Debtor herein respectfully requests that it be authorized to use its cash collateral, grant security interest in post-petition receivables, pay interest on its secured debt to PNC Bank, purchase replacement inventory, and for all other just and proper relief in the premises.

/s/ Eric C. Redman                           Dated:  April 13, 2011
Eric C. Redman, #6330-49
REDMAN LUDWIG, P.C.
151 N. Delaware St., Ste. 1106
Indianapolis, IN 46204
PHONE:        (317) 685-2426
FAX:          (317) 636-8686
eredman@redmanludwig.com
Attorney for the Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been duly filed electronically using the Court's ECF system and additional copies have been served either electronically or by United States First Class Mail, postage pre-paid, on all parties not registered to receive electronic service via e-mail, on the 13th day of April, 2011.

/s/ Eric C. Redman
Eric C. Redman

3